**In re Habeas Corpus of Joe Ray HOWELL.**

**No. A–14580.**

Court of Criminal Appeals of Oklahoma.

April 24, 1968.

Fite, Robinson & Summers, Muskogee, for petitioner.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., A. S. Fallis, Jr., Dist. Atty., and Patrick A. Williams, Chief Prosecutor, Tulsa County, Tulsa, for respondents.

BRETT, Judge.

This is an original proceeding in which Joe Ray Howell seeks a writ of habeas corpus to require the Warden of the State Penitentiary to allow petitioner credit for 115 days which he states he spent in the Tulsa County jail and the Muskogee County jail, prior to entering the penitentiary to serve sentences from Tulsa County.

The District Attorney of Tulsa County, and the Attorney General of the State of Oklahoma have each filed a response to the petition. From such responses and the information before us, we find that petitioner entered pleas of guilty in the district court of Tulsa County in two cases, Nos. 22217 and 22183, respectively, wherein he was charged with robbery with firearms, and was sentenced on September 27, 1967 to serve seven years imprisonment in each case, the sentences to run concurrently, and six years of which were suspended, one year to be served. We find that this petitioner is now serving these two sentences.

We further find that this petitioner was incarcerated in the Muskogee County jail prior to entering his plea of guilty in Tulsa County, being confined in Muskogee County from August 5, 1966 through August 16, 1966, and from September 17, 1966 to De-

cember 28, 1966. That said imprisonment in the Muskogee County jail was prior to the conviction and sentence of this petitioner in Tulsa County, under separate and distinct charges, and that petitioner is not entitled to credit on his Tulsa County judgments and sentences for time spent in the Muskogee County jail several months prior to such sentences.

The Attorney General concedes and acknowledges that petitioner is now serving a first term in the penitentiary under sentences in cases Nos. 22217 and 22183, within the meaning of the term as used in Title 57 O.S.1961, § 138; and as shown by the records of the State Penitentiary he is entitled to credit for five days jail-time on such sentences.

The writ of habeas corpus is denied.

BUSSEY, J., concurs.